IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTA L. BAILEY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-1187-BD |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Christa L. Bailey seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated herein, the hearing decision is reversed.

I.

Plaintiff alleges that she is disabled due to mental retardation and affective mood disorders. After her applications for disability and supplemental security income ("SSI") benefits were denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. That hearing was held on September 23, 2008. At the time of the hearing, plaintiff was 37 years old. She is a high school graduate with past work experience as a teacher's aide and a cafeteria monitor. Plaintiff has not engaged in substantial gainful activity since April 1, 2002.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability or SSI benefits. Although the medical evidence established that plaintiff suffered from borderline intellectual functioning, the judge concluded that the severity of that impairment did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that

plaintiff had the residual functional capacity to perform a full range of work at all exertional levels, including her past relevant work as a teacher's aide and cafeteria monitor. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

II.

In three grounds for relief, plaintiff contends that: (1) the ALJ did not properly evaluate her mental impairments in accordance with 20 C.F.R. §§ 404.1520a and 416.920a; (2) the ALJ failed to consider whether she is disabled under Listing 12.05C or 12.05D; and (3) the ALJ erred in finding that she retains the ability to perform her past relevant work.

A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *see also Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *See Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected

to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

   1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

   2. The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

   3. The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

   4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

   5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing other work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant establishes prejudice. *See Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

Among the arguments made by plaintiff is a single ground that compels remand -- the ALJ failed to consider whether she is disabled under Listing 12.05C. Listing 12.05C provides, in pertinent part:

> Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> \* \* \* \*
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

*See* 20 C.F.R. pt. 404, Subpt. P., App. 1 § 12.05C. To meet the requirements of this listing, the claimant must satisfy the diagnostic elements of the introductory paragraph as well as the specific factors of paragraph C. *See Randall v. Astrue*, 570 F.3d 651, 659-60 (5th Cir. 2009); *Arce v. Barnhart*, 185 Fed.Appx. 437, 438, 2006 WL 1765899 at *1 (5th Cir. Jun. 22, 2006). A formal diagnosis of mental retardation is not required. *See Blackstock v. Astrue*, 527 F.Supp.2d 604, 619 (S.D. Tex. 2007) (citing cases).

The record shows that plaintiff scored 70 or below on nine different IQ tests administered in 1978, 1980, 1984, and 1987, when she was seven, nine, 13, and 16 years old, respectively. (*See* Tr. at 234, 524, 561, 563). Plaintiff scored *below 60* on six of those tests and scored *below 50* on two of the tests. (*Id.* at 234, 561, 563).[1] In 2008, when plaintiff was 37 years old, she scored 62 on a verbal IQ test, 60 on a performance IQ test, and 58 on a full scale IQ test. (*See* Tr. at 875). While in school, plaintiff was placed in special education classes for all core subjects, and administrators repeatedly classified her as "mentally retarded." (*See id.* at 205, 210-11, 213-14, 217, 219, 335, 341, 355, 488). A Vineland Social Maturity Scale ("VSMS") test administered in 1984, when plaintiff was 13 years old, showed that she had the adaptive skills of an eight-year-old. (*See id.* at 335, 368-71). A Comprehensive Individual Assessment prepared by an educational diagnostician when plaintiff was 16 years old noted that she exhibited "mild" mental retardation, that her "level of intellectual functioning is consistent with [her] adaptive behavior," and that she had "significant" deficits in cognitive development, adaptive behavior, and all academic areas. (*Id.* at 205, 209-10).

---

[1] The fact that plaintiff scored below 60 on at least six IQ tests suggests that she also may be disabled under Listing 12.05B, which requires proof of the diagnostic elements of the introductory paragraph of Listing 12.05 and a "valid verbal, performance, or full scale IQ of 59 or less." *See* 20 C.F.R. pt. 404, Subpt. P., App. 1 § 12.05B. As plaintiff does not raise this issue, the court will not address it. However, if the ALJ determines on remand that plaintiff is not disabled under the Listing 12.05B, he should explain his reasons for rejecting any IQ test scores below 60. *See Szafrajda v. Astrue*, No. 4-10-CV-3112, 2011 WL 3679439 at *9-11 (D. Neb. Aug. 23, 2011) (suggesting that ALJ may be required to accept lowest IQ test score when applying Listing 12.05B and, in any event, must explain why claimant who scored below 60 is not disabled under the Listing).

There is no indication that any of these findings were invalid due to malingering, lack of effort, or any other reason. To the contrary, one evaluator commented that plaintiff "seemed to expend every effort on each test," (*see id.* at 560), while another evaluator opined that plaintiff's test scores "represent a valid measure of [her] functioning ability at the present time." (*See id.* at 335).

This evidence strongly suggests that plaintiff has satisfied the diagnostic elements of the introductory paragraph of Listing 12.05 -- subaverage general intellectual functioning with deficits in adaptive functioning, the onset of which occurred before she reached 22 years of age. There is also ample evidence of valid IQ scores of 70 or below. That leaves only one other requirement of Listing 12.05C -- another impairment that significantly limits plaintiff's ability to do basic work activities. Here, plaintiff has been diagnosed with major depression and an anxiety disorder that has reportedly caused her to experience nausea, faintness, and "the shakes" when faced with work stress. (*See id.* at 377-78, 393-94). A psychological evaluation performed by Dr. Ronald W. Anderson in 1996 indicated that plaintiff suffered from significant memory problems that could affect her ability to perform in a job. (*See id.* at 433, 436). According to Dr. Anderson:

> Attention span/rote memory skills were found to be very poor. An employer will need to be patient with her and give her time to learn her job duties. Long-term memory deficits were also noted. It is felt [plaintiff] would do best in a job setting that is routine and structured.

(*See id.* at 433). In 2008, another psychologist, Dr. Kristi Compton, described plaintiff's memory as "limited." (*See id.* at 869). Yet the ALJ wholly failed to consider these other impairments in finding that plaintiff was not disabled. *See, e.g. Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (ALJ has a duty to analyze plaintiff's impairments under every applicable listing); *Simmons v. Astrue*, No. 3-10-CV-1516-B-BK, 2011 WL 1196938 at *5 (N.D. Tex. Mar. 11, 2011), *rec. adopted*, 2011 WL 1211053 (N.D. Tex. Mar. 30, 2011) (ALJ must consider Listing 12.05C where record includes

evidence of low IQ and other severe impairments); *Kingsbury v. Astrue*, No. 08-4014-JAR, 2008 WL 4826139 at *5 (D. Kan. Nov. 5, 2008) (same).

While acknowledging that her low IQ scores are consistent with Listing 12.05C, the Commissioner contends that plaintiff cannot demonstrate any deficits in adaptive functioning because she worked as a teacher's aid and a file clerk before the age of 22. (*See* Def. MSJ Br. at 11). This argument ignores the fact that plaintiff was both observed and tested as having deficits in adaptive functioning during the developmental period. (*See* Tr. at 205, 209-10, 335, 368-71).[2] Moreover, the teacher's aide position was part of a "Vocational Adjustment Class" for high-school special-education students, and the file clerk position required minimal skills for only a "couple hours a day." (*See id.* at 31-32, 219-20, 510-18). Given the circumstances of her prior employment, plaintiff's performance in these jobs is not probative of her adaptive functioning abilities. *See Hinkson v. Commissioner of Social Sec.*, No. 08-1377 (JAP), 2011 WL 841536 at *3 (D. N.J. Mar. 8, 2011) (plaintiff's ability to maintain a job for 25 years was not indicative of adaptive functioning where, *inter alia*, job did not require high functional capacity and doctor noted that plaintiff would do best in supported employment environment).

The Commissioner further contends that plaintiff cannot meet the "additional impairment" prong of Listing 12.05C because she has not alleged any physical limitations and does not suffer from "disabling anxiety or depression." (*See* Def. MSJ Br. at 11). The court initially observes that the "additional impairment" need not be physical or *per se* disabling in order to satisfy Listing 12.05C. All that is required is proof of a "severe" impairment as defined at Step 2 of the sequential

---

[2] These deficits in adaptive functioning continued well into adulthood. For example, psychological testing performed by Dr. Compton in 2008, when plaintiff was 37 years old, showed that she had the daily living and socialization skills of a 13-year-old. (*See* Tr. at 872-73). That same year, another psychologist, Dr. Norma Linden, wrote that plaintiff "appears to function between the 7th and 12th year of development." (*Id.* at 878).

evaluation analysis, *i.e.* an impairment or combination of impairments which significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c). *But see Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir.1985) ("[A]n impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience."). Even disregarding her allegations of anxiety and depression, there is evidence that plaintiff has memory deficits that would significantly limit her ability to work. (*See* Tr. at 433, 436, 869). Despite this evidence, the ALJ makes only a passing reference to Dr. Compton's opinion that plaintiff's memory was "limited," does not mention Dr. Anderson's detailed concerns about plaintiff's long-term memory problems, and entirely omits any discussion of Listing 12.05C. The failure to adequately address this evidence constitutes error warranting remand. *See Ontiveros v. Astrue*, No. CV-10-4215-PLA, 2011 WL 1195935 at *5 (C.D. Cal. Mar. 30, 2011) (remand required where ALJ did not expressly reference Listing 12.05C and did not discuss all relevant evidence in the context of the Listing); *Smith v. Astrue*, No. 08-2345-KHV, 2009 WL 1889463 at *8-9 (D. Kan. Jul. 1, 2009) (remanding case for additional consideration of memory problems identified by examining psychologist where ALJ cursorily concluded that plaintiff did not have "additional impairment" sufficient to meet Listing 12.05C).

## CONCLUSION

The hearing decision is reversed, and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.[3]

SO ORDERED.

---

[3] By remanding this case for further administrative proceedings, the court does not suggest that plaintiff is or should be found disabled after the ALJ carefully considers all relevant evidence in the context of Listing 12.05C.

DATED: September 12, 2011.

_____
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE